IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ALBERT EDWARDS,

               Petitioner,

v.

LOUIS WILLIAMS II,

               Respondent.

ORDER

17-cv-114-jdp

Pro se petitioner Albert Edwards, a prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Edwards challenges his sentence from the United States District Court for the Northern District of Illinois, arguing that the Supreme Court's decision in *United States v. Mathis*, 136 S. Ct. 2243 (2016), invalidates his sentence, which was enhanced by his career-offender status under the federal sentencing guidelines. I screened Edwards's petition and allowed him to proceed. Dkt. 3.

Two motions are pending before the court: (1) Edwards's motion for appointment of counsel, Dkt. 6; and (2) respondent's motion for clarification and an extension of time, Dkt. 7. I will deny Edwards's motion and grant respondent's motion in part.

**A. Motion for appointment of counsel**

A habeas petition challenging a sentence is "not part of the original criminal proceeding; it is an independent civil suit." *Rauter v. United States*, 871 F.2d 693, 695 (7th Cir. 1989). So given the civil nature of the proceeding, a habeas petitioner does not have a constitutional right to counsel. *Id*. But the court may appoint counsel for a petitioner seeking habeas relief under

28 U.S.C. § 2241 if the appointment of counsel would serve "the interests of justice" and the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2).

When evaluating a motion for appointment of counsel in habeas cases, the Seventh Circuit has applied a similar standard to the one that applies under 28 U.S.C. § 1915(d). *See Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). The district court may consider, among other things, five non-exclusive factors: (1) the complexity of the case; (2) the petitioner's ability; (3) whether the petitioner "could obtain justice without an attorney"; (4) whether the petitioner "could not obtain a lawyer on [his] own"; and (5) whether the petitioner would have "a reasonable chance of winning with a lawyer at [his] side." *Id*. (quoting *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir.1997)); *see also Howard v. Gramley*, 225 F.3d 784, 794 (7th Cir. 2000) (quoting *Winsett*, 130 F.3d at 281). "Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances." *Winsett*, 130 F.3d at 281.

Here, as Edwards acknowledges, the central problems with his petition are that he based his petition with limited understanding of his prior criminal proceedings and that he lacks means to retrieve the relevant record from those proceedings. Dkt. 6, at 1-2. But these problems will be resolved once respondent files his answer with the relevant record attached, as I will direct respondent to do in this order. And, without the record, it is far from clear whether Edwards has a reasonable chance of success even with an attorney. Once the parties brief the merits of Edwards's petition with the benefit of the full record, Edwards may renew his motion. I will then evaluate whether appointing counsel would be appropriate. Accordingly, I will deny Edwards's motion without prejudice.

**B. Motion for clarification and an extension of time**

In my screening order, I directed respondent to file an answer and set a briefing schedule. Dkt. 3, at 8-9. Respondent moves for clarification on whether he must file an answer in a Section 2241 case. Dkt. 7, ¶ 4. He also seeks a 30-day extension to file a combined procedural and substantive response to the petition in lieu of an answer. *Id*. ¶ 5.[1] I will grant respondent's motion in part. I will require respondent to file an answer, grant an extension of time, and set a new briefing schedule.

A district court may apply the Rules Governing Section 2254 Cases to Section 2241 cases. *See* Rule 1(b), Rules Governing Section 2254 Cases. Under Rule 5 for Section 2254 cases, a respondent is not required to file an answer "unless a judge so orders." Thus, although service of the petition by itself does not obligate a respondent to file an answer, a district judge can nonetheless require a respondent to do so. I have required respondents in Section 2241 cases to file answers in the past. *See, e.g., Ruiz v. Williams*, No. 15-cv-372, Dkt. 5 (W.D. Wis. July 8, 2016); *Gray v. Kroger*, No. 16-cv-203, Dkt. 3 (W.D. Wis. June 2, 2016). And other district courts within this circuit have done the same. *See, e.g., Robinson v. Cross*, No. 16-cv-20, 2016 WL 397898 (S.D. Ill. Feb. 2, 2016); *Gillum v. Rios*, No. 11-cv-1056, 2011 WL 693598 (C.D. Ill. Feb. 18, 2011); *Kramer v. Jenkins*, 108 F.R.D. 429 (N.D. Ill. 1985). So the practice of requiring respondents to file answers in Section 2241 cases is neither new nor unusual.

---

[1] Although respondent submits the second request as an "alternative," the two requests are practically the same: the motion requests (1) that I take notice of how my practice for handling Section 2241 cases differs from the practice of another judge in this district who requires a respondent in a Section 2241 case to file just one response, thereby suggesting that I do the same, or (2) that respondent be allowed to file just one response to Edwards's petition, without an answer. So the main idea of respondent's motion is that he should not be required to file an answer.

An answer is valuable for the court and the parties in a habeas proceeding. As the Advisory Committee explains,

> [An answer] permits the court and the parties to uncover quickly the disputed issues; it may reveal to the petitioner's attorney grounds for release that the petitioner did not know; and it may demonstrate that the petitioner's claim is wholly without merit.

Advisory Comm. Notes to Rule 5; *see also Williams v. Calderon*, 52 F.3d 1465, 1483 (9th Cir. 1995) ("The purpose of the answer is to frame the issues in dispute, as well as to ferret out unmeritorious petitions."). Edwards's case is a good example. Edwards presented only limited portions of the record, and the success of his petition will depend, at least in part, on the sentencing court's reasoning. Dkt. 3, at 7-8. Respondent's answer and the relevant transcripts attached to it will show the sentencing court's reasoning, and after reviewing the record, Edwards can amend, withdraw, or file a new brief in support of his petition.

True, this process allows Edwards two cracks at briefing the merits. Indeed, many habeas petitioners file their opening briefs at the same time they file their petitions, and that is what Edwards did here. But the Rules do not require a habeas petitioner to file a brief at the commencement of a habeas proceeding. *See* Rules 2 and 3, Rules Governing Section 2254 Cases. And the Advisory Committee Note above envisions allowing a habeas petitioner to have a second chance on the merits after reviewing the answer: it contemplates allowing the petitioner to raise additional grounds that he did not originally raise at the commencement of the habeas proceeding. This rationale is particularly relevant here. I do not expect Edwards, a prisoner, to have kept the transcripts related to his 1994 sentencing, which was 23 years ago, and he indicates that he cannot identify the Arkansas statute that was used to enhance his sentence. *See* Dkt. 2, at 9. Allowing Edwards an opportunity to litigate his habeas petition on the merits with the benefit of the full record is appropriate.

4

Respondent points out that another judge in this district has implemented a procedure for Section 2241 cases that does not require a respondent to file an answer. Dkt. 7, ¶ 6. Each district judge is entitled to set his or her own procedure for handling habeas petitions, but I appreciate the value of the procedure requiring only one response to a petition. If the record is fully developed, and the issues are clearly laid out by the petition, asking the respondent to file an opposition brief right away promotes efficiency. And there is some inherent value in applying the same procedure across the district. I will thus consider harmonizing my procedure with those of other judges in this district. But conferring with other chambers will take time, and my immediate task is to decide how this case should proceed.

So here is the approach that I will take. I am mindful that respondent must gather a large volume of documents to prepare an answer to Edwards's petition and that this process can be burdensome. But I will afford Edwards an opportunity to brief the merits with the benefit of the full record and the answer. I will extend the deadline for the answer and set a new briefing schedule. Respondent may raise both procedural and substantive arguments in his opposition brief. Respondent may seek additional extensions of time if reasonably necessary.

One last thing. I take respondent to mean that he faces difficulties retrieving all potentially relevant documents and that he can prevail without gathering the missing documents. Respondent need not submit documents that are irretrievable or too burdensome to obtain, as long as respondent indicates in the answer why those documents have not been submitted. The same applies for transcripts, pursuant to Rule 5(c) of the Rules Governing Section 2254 Cases.

ORDER

IT IS ORDERED that:

1. Petitioner's motion for appointment of counsel, Dkt. 6, is DENIED without prejudice.

2. Respondent's motion for clarification and an extension of time, Dkt. 7, is GRANTED in part and DENIED in part as discussed above.

3. Respondent's answer to the petition is due on August 21, 2017.

4. Petitioner's brief in support of the petition is due on September 11, 2017.

5. Respondent's brief in opposition is due on September 25, 2017.

6. Petitioner's reply brief is due on October 2, 2017.

Entered July 11, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge