IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALBERT EDWARDS,

                      Petitioner,

  v.

MATTHEW MARSKE,

                      Respondent.[1]

OPINION and ORDER

17-cv-114-jdp

---

Petitioner Albert Edwards, proceeding pro se, is a prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. Edwards seeks a writ of habeas corpus under 28 U.S.C. § 2241, challenging his sentence following a 1994 conviction in the Northern District of Illinois for conspiring to distribute cocaine base and using firearms in relation to a drug trafficking offense. The court found Edwards to be a career offender under the sentencing guidelines and sentenced him to 440 months of imprisonment.

Edwards challenges his sentence under *Mathis v. United States*, 136 S. Ct. 2243 (2016), contending that the criminal statutes defining his predicate offenses for the career-offender guidelines prohibited conduct broader than the conduct contemplated by the guidelines. The petition is now fully briefed. I conclude that Edwards is not entitled to habeas relief, so I will dismiss the petition.

---

[1] I have amended the caption to name the current warden of FCI Oxford as the respondent.

BACKGROUND

In his petition, Edwards challenges his sentence enhancement under USSG § 4B1.1. Under this guideline, the criminal defendant is a career offender if three conditions are satisfied:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Edwards was sentenced on May 13, 1994. The sentencing court concluded that Edwards was a career offender. The first two conditions are not in dispute. As for the third condition, the sentencing court determined that Edwards had three qualifying predicate convictions: (1) a 1988 Illinois mob-activity conviction; (2) a 1989 Oklahoma conviction for distribution of a controlled dangerous substance; and (3) a 1993 Arkansas conviction for conspiracy to deliver cocaine. Edwards needs to invalidate at least two of these three convictions to obtain habeas relief.[2]

---

[2] Respondent states that Edwards had two predicate offenses from Oklahoma: one count of distributing a controlled dangerous substance and one count of possessing a controlled dangerous substance with intent to distribute. Dkt. 10, at 15–18. The judgment from the Oklahoma state court supports respondent's view. Dkt. 10-5, at 2–7. But the sentencing court found only three prior convictions that qualified Edwards as a career offender. At sentencing, the prosecutor argued that Edwards had two "[drug] distribution convictions" and one mob-action conviction. Dkt. 10-1, at 9. The sentencing court adopted the government's view and concluded that there were three predicate offenses, noting that one Oklahoma conviction counted toward the career-offender status without specifying which of the two Oklahoma convictions counted. *Id*. at 16, 36. The sentencing court appears to have not counted the 1989 Oklahoma possession conviction toward Edwards's career-offender status, given the prosecutor's comment that Edwards had two "[drug] distribution convictions." Because I conclude that Edwards has two valid predicate offenses without considering the Oklahoma possession conviction, I need not discuss the possession conviction further.

ANALYSIS

A. **Preliminary matters**

At the outset, I note that Edwards has filed a motion for appointment of counsel along with his reply brief. Dkt. 29. Under 18 U.S.C. § 3006A(a)(2), a district court may appoint counsel for a habeas petitioner if "the interests of justice so require" and the petitioner is "financially eligible." I conclude that the interests of justice do not require appointment of counsel here. Although I will deny Edwards's habeas petition, he was able to fully brief his various claims in an understandable fashion. Ultimately, he cannot prevail on *Mathis*-type challenges to his sentence enhancements, but it is not because he was unable to present the issues. Rather, the relevant legal authorities simply do not support his claims.

Edwards challenges all three of his predicate convictions under *Mathis*, a case in which the Supreme Court clarified when it would be inappropriate for sentencing courts to apply the "modified categorical approach" to criminal statutes capable of being violated in multiple ways. 136 S. Ct. 2243. Respondent contends that *Mathis* does not actually apply to Edwards's petition, arguing that Edwards should have asserted all of his habeas claims at his sentencing back in 1994, because he could have relied on *Taylor v. United States*, 495 U.S. 575 (1990).

*Taylor* established the framework for the "categorical approach," which courts apply to assess whether a prior conviction counts toward a sentence enhancement under the Armed Career Criminal Act (ACCA) or other recidivist provisions. *Mathis* built on concepts discussed in *Taylor* and other cases. *Mathis* involved the distinction between criminal statutes that list alternative elements (thus creating multiple offenses) and statutes that create a single offense with alternative means of satisfying an element of that offense. 136 S. Ct. at 2250–51, 2251 n.1. If a statute lists alternative elements, it is "divisible" and the court can employ the

"modified categorical approach," which means that a court can look beyond the conviction itself to determine whether the prisoner's conviction qualifies under a generic version of the crime at issue. *Id.* at 2249. But if the statute defines a single offense with alternative means of satisfying a particular element, it is "indivisible" and the court must employ the "categorical approach," which means that the court is limited to comparing the elements of the generic crime to the elements of the crime that is the basis for the conviction. *Id.* at 2251. As discussed below, Edwards contends that some of his predicate offenses are indivisible and broader than their generic counterparts. Ultimately, I need not resolve respondent's argument about whether Edwards could properly have raised his arguments in an earlier § 2255 motion, because Edwards loses on the merits of his *Mathis* argument.

Edwards has also filed a motion asking the court to issue its ruling because he believes that his sentence will be affected by the First Step Act, Pub. L. No. 115-391. Dkt. 44. I will deny the motion without prejudice. If Edwards thinks that he has a basis for a motion under the First Step Act, he should file a motion addressed to his sentencing court.

**B. Predicate offenses**

    **1. Illinois mob-action offense**

Edwards's 1988 Illinois felony mob-action offense, Ill. Rev. Stat. 1991, ch. 38, ¶ 25-1(a)(1),[3] appears to no longer be a "crime of violence." Mob action is not one of the enumerated offenses that qualify as a crime of violence. The Illinois statute does not have as a necessary element the use or threatened use of physical force against a person. *See United States v. Cole*, 298 F.3d 659, 661 (7th Cir. 2002). Respondent contends that it is still unclear whether *Samuel*

---

[3] Ill. Rev. Stat. 1991, ch. 38, ¶ 25-1(a)(1) is now codified in 720 ILCS 5/25-1.

4

*Johnson v. United States*, 135 S.Ct. 2551 (2015), a case striking down the ACCA's "residual clause" language as unconstitutionally vague, applies to the sentencing-guideline residual clause for cases like Edwards's that predate *United States v. Booker*, 543 U.S. 220 (2005), when the guidelines were considered mandatory. But after respondent filed his opposition brief, the Court of Appeals for the Seventh Circuit determined that *Samuel Johnson* does apply to pre-Booker guidelines cases. *Cross v. United States*, 892 F.3d 288, 291 (7th Cir. 2018). So I conclude that Edwards successfully challenges the first of his three predicate offenses. The problem is his remaining two predicate offenses.

### 2. Oklahoma controlled-substance offense

Edwards contends that his Oklahoma conviction does not qualify as a "controlled substance" offense because the Oklahoma statue at issue is broader than the guidelines language.

The sentencing guidelines defined "controlled substance offense" this way:

> The term "controlled substance offense" means an offense under a federal or state law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Section 4B1.2(2) (1993).

The next step is to compare the language above with the state statute for Edwards's underlying conviction. The parties disagree about which version of Oklahoma statute Okla. Stat. tit. 63, § 2-401 to apply; it was amended effective November 1, 1989, the day before Edwards was convicted. The version in place at the time Edwards committed the crime stated in part as follows:

> [I]t shall be unlawful for any person:

5

1. to distribute, dispense, or possess with intent to manufacture, distribute, or dispense, a controlled dangerous substance;

2. to create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance; or

3. to distribute any imitation controlled substance as defined by Section 2-101 of this title, except when authorized by the Food and Drug Administration of the United States Department of Health and Human Services.

The 1989 Amendment added another way to violate subsection 1: "solicit the use of or use the services of a person less than eighteen (18) years of age to distribute or dispense a controlled dangerous substance." *See* 1989 Okla Sess. Laws 114.

Edwards says that the newer version applies to his conviction and he contends that the solicitation-of-a-minor language makes the statute broader than the guidelines language. But respondent correctly points out that Edwards's conviction is not governed by the new language because it was added after the date he committed the offense. Indeed, the Ex Post Facto Clause of the United States Constitution prohibits the alteration of a definition of a crime after it is committed. *See, e.g., Cal. Dep't of Corrs. v. Morales*, 514 U.S. 499, 504 (1995) (Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts"). So there is no reason to consider the amended language under *Mathis*.

Edwards has filed a motion to amend his petition to add another claim regarding the Oklahoma conviction: he challenges the enhanced sentencing range he faced under 21 U.S.C. § 851 because the 1989 Oklahoma conviction was considered a prior conviction of a "felony drug offense." Dkt. 16. He contends that the Oklahoma statute prohibits a range of conduct broader than that defined as a "felony drug offense" because the Oklahoma law prohibits the

distribution of "imitation controlled substances" in addition to offenses relating to controlled substances.

Respondent contends that it is too late for Edwards to challenge the § 851 enhancement because he did not challenge the enhancement before his sentence. Respondent also contends that the Oklahoma statue is divisible because it carries different penalties for violations of the controlled-substance provisions and the imitation-controlled-substance provisions. I will grant Edwards's motion to amend his petition, because it will be more efficient to consider his new claim on the merits.

Respondent is correct that the controlled-substance and imitation-controlled-substance subsections of the Oklahoma statute are divisible under *Mathis* because the statute provides for different punishments for violations of either subsection. *See* § 2-401 (1989) (controlled-substance offenders receive felony punishments, while imitation-controlled-substance offenders receive misdemeanors); *Mathis*, 136 S. Ct. at 2256 ("If statutory alternatives carry different punishments, then under *Apprendi* they must be elements."). Therefore, in deciding whether a conviction under the statute qualifies as a felony drug offense, a court can consult "*Shepard* documents" to determine which part of the statute provided the basis for the conviction. Edwards's Oklahoma judgment shows that he was convicted of "distribution of a controlled dangerous substance," Dkt. 10-5, at 2, which fits within the generic offense. So Edwards's challenge to the Oklahoma conviction fails.

3. **Arkansas controlled-substance offense**

That leaves Edwards's 1993 Arkansas conviction for conspiracy to deliver cocaine, in violation of Ark. Code. § 5-64-401. Edwards raises a number of challenges to this conviction, some of which do not properly belong in this action. I take him to be challenging the validity

7

of the Arkansas conviction because it arose from "official misconduct and corruption." Dkt. 17 at 20. He appears to be saying that he bribed the county sheriff so that the conviction would not show up in his criminal record, apparently to no avail. Generally, a habeas petitioner may not challenge a prior state court conviction used to enhance his current sentence. *Daniels v. United States*, 532 U.S. 374 (2001). And here, Edwards does not explain why he waited until more than two decades after his federal conviction to raise the issue. This issue has nothing to do with his *Mathis* challenges, so there is no reason to think that the issue could be brought in an untimely § 2241 action like this when he could have raised it in one of his previous § 2255 proceedings.

Edwards also contends that the Arkansas conviction cannot count as a predicate felony because he wasn't convicted of a felony: he did not receive any prison time. This isn't really a *Mathis* argument either. But in any event, whether a conviction constitutes a "prior felony conviction" depends on the maximum sentence that could have been imposed, not on the sentence the defendant received. *See* USSG § 4B1.2 cmt. n.3 ("'Prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed."). The court of appeals has already rejected this precise argument by Edwards in a previous attempt to file a successive § 2255 motion. *Edwards v. United States*, No. 16-2425, at 2 (7th Cir. July 11, 2016) (noting that the Arkansas conviction was indeed based on a felony charge).

Edwards brings two potential *Mathis*-type claims. First, Edwards contends that the definition of "delivery" of a controlled substance under Arkansas law contains various means

of violating the Arkansas statute, including by "offering to sell" a controlled substance, which falls outside the scope of the sentencing guidelines' definition of a controlled-substance offense.

But this is unlike cases in which other states' statutes have been found to be broader than the generic offense because they include "offer to sell" as a way of distributing or delivering a controlled substance. *United States v. Madkins*, 866 F.3d 1136 (10th Cir. 2017) (Kansas's statute); *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) (Texas's statute). Arkansas's statute stated the following:

> "Deliver" or "delivery" means the actual, constructive, or attempted transfer from one (1) person to another of a controlled substance or counterfeit substance in exchange for money or anything of value, whether or not there is an agency relationship.

Ark. Code. § 5-64-101(f) (1992).

Unlike *Madkins* or *Hinkle*, this statute did not include "offer to sell" as an option, so those cases do not mandate the same result in the petitioner's favor. To the contrary, statutes including virtually identical definitions of "deliver" have been upheld as within the generic offense. *United States v. Goldston*, 906 F.3d 390, 397 (6th Cir. 2018) (Tennessee's statute); *United States v. Maldonado*, 864 F.3d 893, 900 (8th Cir. 2017), *cert. denied*, 138 S. Ct. 702 (2018) (Nebraska's and Iowa's statutes). So Edwards fails to show that the Arkansas "delivery" language is broader than the generic offense or the guideline definition of the offense.

Edwards also contends that Arkansas has an expanded definition of "counterfeit substance" that makes § 5-64-401 broader than the guidelines definition. But even if this were the case, Edwards faces the same problem as with the Oklahoma statue: the Arkansas statute is divisible because it provides different punishments for controlled-substance violations and counterfeit-substance violations. *See* § 5-64-401 (1992) (subsection (a) contains various punishments for different types of controlled substances; subsection (b) contains various

9

punishments for different types of counterfeit substances). And the Arkansas *Shepard* documents show that Edwards was charged with and convicted of conspiracy to deliver cocaine, a controlled substance. Therefore, Edwards's challenge to the Arkansas conviction fails.

Because at least two predicate offenses withstand Edwards's *Mathis* claims, I will dismiss his petition.

ORDER

IT IS ORDERED that:

1. Petitioner Albert Edwards's motion for appointment of counsel, Dkt. 29, is DENIED.

2. Petitioner's motion to amend his petition for writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 16, is GRANTED.

3. Petitioner's motion for a ruling, Dkt. 44, is GRANTED.

4. Petitioner's petition for writ of habeas corpus under § 2241 is DENIED, and this case is DISMISSED.

Entered March 29, 2019.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge